Myles A. Schneider, #028436
**Myles A. Schneider & Associates, LTD**
14001 N. 7th Street
Suite B104
Phoenix, AZ 85022
Telephone (602) 926-7373
Facsimile (877) 294-4254
Email myles@maschneider.com
**Attorney for Defendant**
**Joe Vasquez, III**

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No: 2:21-cr-00953-JTT |
| Plaintiff, | |
| v. | **DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD DEPARTURE** |
| Joe Vasquez, III, | |
| Defendant. | |

COMES NOW Defendant, Joe Vasquez, III, through counsel, submits the following as his Sentencing Memorandum and request for a sentence below the Guideline range pursuant to 18 U.S.C. §3553 and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). Defendant requests that this Court impose only a sentence of thirty-six (36) months probation.

This Memorandum is supported by the following Memorandum of Points and Authorities, and any other separate recorded document filed with the Court if any.

Respectfully submitted this 24th day of July 2023.

Myles A. Schneider & Assoc., LTD


s/ Myles A. Schneider
Myles A. Schneider
Attorney for Defendant

## INDEX OF EXHIBITS

Letters to the Court from Friends and Family Members of Defendant (Filed under separate cover):

Exhibit A: Letter from Jason and Alais Reta;

Exhibit B: Letter from Joshua and Skyler Reyna;

Exhibit C: Letter from RJ, Defendant's Brother; and

Exhibit D: Letter from Carmen Howard.

## INTRODUCTION

Defendant was originally indicted on 14 Counts of providing false statement during the purchase of a firearm. Defendant has accepted to accept the government's plea offer to One Count of False Statement During the purchase of a Firearm in violation of 18 U.S.C. § 924(a)(1)(A). Defendant does not generally object to the calculation of the offense level as determined by the United States Probation Office pursuant to USSG §1B1.11. However, Defendant's participation with the process herein and his past performance while under supervision, is a strong indication of future success.

## DEFENDANT

Defendant was born in Las Vegas, Nevada. Defendant's father committed suicide when the defendant was a toddler. As a child, Defendant had a poor relationship with his mother. At 10, Defendant was removed from his mother's custody and placed in the custody of his grandparents because his mother was arrested and incarceration for credit card fraud. A few months later, Nevada Child Welfare and Protective Services removed Defendant from the home and placed him in foster after receiving reports of physical abuse by his grandfather.

Defendant was placed with five foster placements between ages 10 through 13. Defendant was bullied by other children and foster parents during this time. At 13, Defendant was adopted by Joshua and Skylar Reyna. At one time, Joshua and Skyler Reyna and Defendant resided at 481 S. 173rd Street, Goodyear Arizona. The Reyna's provided a stable and loving home, meeting all his physical and emotional needs for the first time in his life. At 18, the Reyna's relocated to Ohio for a career promotion. Defendant remained in Phoenix with his girlfriend.

Defendant was mentally abused by his girlfriend and began abusing illicit substances to cope with his feelings. Defendant reported being unable to eat or sleep due to the abuse and he did not have his adoptive family in Phoenix for support. Defendant began using marijuana,

cocaine and drinking liquor. After leaving his girlfriend, Defendant resided in multiple hotels over the course of a year before he found a consistent roommate. The defendant later discovered his roommate was involved in selling illicit substances and was subsequently arrested. Around this time, Defendant broke a vertebra in his neck in a car accident which required extensive surgery resulting in the placement of two titanium plates in his neck.

From 2018 through 2021, Defendant maintained a series of low paying jobs. Having no assets, Defendant accepted an offer to purchase firearms for another in exchange for payment. While Defendant is currently employed, he is facing a felony conviction and a custody sentence exceeding 12 months. Hence, Defendant's prospects for work and income is likely to significantly decrease subsequent sentencing in the instant offense.

## FACTS UNDERLYING THE PLEA

On or about September 24, 2020, Defendant entered MLS Arms, a Federal Firearms Licensee (FFL), in Phoenix, Arizona. Defendant selected a firearm to purchase and completed the Firearms Transaction Record, known as ATF Form 4473. Under the provisions of Chapter 44 of Title 18, United States Code, ATF Form 4473 contains information required to be kept by FFLs. Defendant stated on the 4473 that he resided at an address in Goodyear, Arizona at the time of completing the ATF form 4473 to purchase firearms when Defendant knew he resided at a different address, in Arizona. The 4473 requires that a Transferee/Buyer of the firearm provide "Current State of Residence and Address." (See ATF Form 4473 at section 10, attached hereto as Exhibit C, hereinafter "4473".) Defendant did not provide his current address as required.

## ARGUMENTS AND AUTHORITIES

In light of the Supreme Court's decision in *Gall v. United States*, 552 U.S. 38 (2007), it is clear that this Court enjoys enormous discretion in determining the appropriate sentence for Defendant, regardless of the specific sentence called for by the Guidelines. For the reasons set forth below, we respectfully submit that, based on the factors set forth in 18 U.S.C. §3553(a), the Court Sentence Defendant to 36 months of probation.

### I. Section 3553(a) Factors

The federal sentencing statute requires that the Court tailor an individualized sentence that is "sufficient, but not greater than necessary" to comply with the purpose of 18 U.S.C. § 3553(a)(2), and, in "determining the particular sentence to be imposed, shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed;

    a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    b. to afford adequate deterrence to criminal conduct;

    c. to protect the public from further crimes of the defendant; and

    d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). In this case, a sentence of probation is just and appropriate, for the reasons stated below.

Here, the most relevant factors in considering Defendant's sentence are as follows:

FACTORS TO CONSIDER IN THIS MATTER

    a. *The nature and circumstances of the offense and the history and characteristics of Defendant. (18 U.S.C. §3553(a)(1)).*

        i. <u>Nature of and circumstances of the offense</u>.

Defendant purchased firearms for the purpose of making money. On all purchases relevant herein, Defendant stated on the 4473 that he resided 481 N. 173rd Street, Goodyear Arizona, an old address where he had once lived with the Reynas, the wrong address. After completing the 4473, the seller, known as a Federal Firearms Licensee (FFL), is required to contact the National Instant Criminal Background Check System (NICS) electronically or by phone after the buyer fills out the ATF 4473 form, and the FFL relays that information to the NICS.[1] (https://www.fbi.gov/services/cjis/nics). The NICS staff then performs a background check on the buyer. That background check verifies the buyer does not have a criminal record or is not otherwise ineligible to purchase or own a firearm. If the information is insufficient to identify the buyer, the NICS will respond with a denial. A driver's license is not necessarily required. A purchaser of a firearm may be identified by any combination of government-issued documents which together establishes all of the required information to perform the NICS check. (i.e. Name, residence address, date of birth, social security number, and photograph of the holder. <u>See</u> 27 CFR 478.11 and 478.124(c)). After the FFL receives verification from the

---

[1] NICS is an arm of the FBI's Criminal Justice Information Services Division, or CJIS, is a high-tech hub in the hills of West Virginia that provides a range of state of-the-art tools and services to law enforcement, national security and intelligence community partners, and the general public. <u>See</u> https://www.fbi.gov/services/cjis

NICS, the FFL then executes the 4473 and certifies that the firearm is therefore transferable. After, the Buyer is cleared to take possession of the firearm from the FFL.[2]

### ii. History and Characteristics of Defendant.

Notwithstanding the harsh life suffered by Defendant, *he has no criminal record other than two speeding tickets*. This is remarkable in light of the fact that his father killed himself, his mother was incarcerated, his grandfather physically abused him to the extent he was taken from his grandparents' home, and he was bounced around to five foster homes where he was bullied and abused.

It is almost a cliché that children exposed to such violence become criminals. In fact, the U.S. attorney general's National Task Force on Children Exposed to Violence found that "exposure to violence…affects approximately two out of every three of our children." Additional research concluded, "90 percent of juvenile offenders in the United States have experienced some sort of traumatic event in childhood …" (See https://leb.fbi.gov/articles/featured-articles/adverse-childhood-experiences-and-crime.) The documentation supporting high rates of childhood trauma and abuse among individuals involved in criminal activity should come as no surprise. (Id.) Of course, the presence of adverse childhood experiences (ACE) does not mean that every child experiencing such distress will turn to crime. However, the higher probability in these cases warrants consideration when developing approaches to reducing illegal activity among juveniles. (Id.)

The effects ACE on Defendant was recognized by Pretrial Services early on in this matter. On November 18, 2021, Pretrial Services made the following recommendation to the Court as a condition of release: "The defendant shall participate in a mental health treatment program and comply with all the treatment requirements including taking all medication prescribed by the mental health care provider ..." (See Doc. 9.) This recommendation was based upon the following finding the Pretrial Services: Defendant "reported he previously attended therapy and administered prescribed medication for Attention deficit/hyperactivity disorder (ADHD). The defendant noted services were terminated when he went into the foster care system, and services were not reinstated. The defendant reported he initially commenced mental health services, as he "found out what happened to his father." The defendant reported he was

---

[2] It is instructive to note that an unlicensed person does not need an ATF Form 4473 to subsequently transfer a firearm to another unlicensed person. See 27 CFR 478.124.

"broken" and could not talk to his grandmother about his feelings and trauma. The defendant noted he at the time found treatment beneficial…" (Id.)

Today, is gainfully employed and participating in mental health treatment.  Defendant has completed two years of college at Estrella Mountain Community College and is in the process of commencing an internship with UEI College in Phoenix for heating, ventilation and air conditioning (HVAC). (Doc. 9.)  Aside from the instant criminal diversion underlying this matter, Defendant was seemingly on his way to prosperity.

        *b. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. §3553(a)(2)).*

        i. <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant;</u>

Defendant admits that he violated the law pursuant to 18 U.S.C. § 924(a)(1)(A).  Further, Defendant is aware that all crimes are serious.  However, in discussing the seriousness of the offense, it is important to understand the firearms purchasing process.  Here, Defendant wrote down an address that was not his current residence.  While giving the wrong information in the purchase of firearms is serious, the inadequate nature of the process in transferring firearms mitigates the seriousness of the offense.

As alleged in Count I of the indictment, Defendant purchased his first firearm on September 24, 2020, at MLS Arms in Phoenix, AZ. Defendant filled out and signed the 4473 with accurate information, sans his current address, including his full name, place of birth, height, weight, sex, birthday, social security number and his nationality. (<u>See</u> sections 1 through 10 of Exhibit D, attached.)  He also correctly answered all questions in sections 11 through 13 of the 4473 accurately.  (<u>Id.</u>)  On the same day, Mr. Richard Lord of MLS Arms contacted NICS to perform a background check on Defendant. Based upon the data provided by Defendant, the NICS verified that Defendant did not have a criminal record or *wasn't otherwise ineligible to purchase or own a firearm.*  (<u>Id.</u> at Box 19.b.)  Mr. Richard Lord then memorialized that the

purchased firearm was a Glock 26, serial number AEST687.  (Id. at Boxes 24 through 28.)  Mr. Lord finally executed the 4473 certifying the verification of the identification of Defendant and approval from NICS for the purchase of the firearm clearing it for delivery to Defendant.   This process was repeated for all firearms purchased by Defendant.

Again, the seriousness of the offense is at issue here, not whether Defendant violated the law.  He admits that he did so.  However, one must question why the NICS did not deny or otherwise find Defendant ineligible for purchasing a firearm.  Again, the NICS is a division of the FBI's Criminal Justice Information Services Division (CJIS).  It is a high-tech hub that provides *state of-the-art* tools and services to law enforcement, national security and intelligence community partners, and the general public. The NICS could have easily identified Defendant as otherwise ineligible from purchasing all firearms on the basis that Defendant could have matched a similar name and/or similar descriptive information contained in State records including other 4473's from prior firearm purchases.  However, it did not.  *One of the reasons is that completed 4473s are retained by the individual Federal Firearms Licensees (FFLs), not the ATF*. "The ATF does not, and never has, maintained an archive or other information repository on the race or ethnicity of firearm purchasers or licensees, and it has no intention to do so in the future." (See https://www.atf.gov/firearms/atf-form-4473-faqs#Q11-4473; 18 U.S.C. 923(g)(1)(A); 27 CFR 478.129(b)).  However, the ATF should require each FFL to not only retain 4473, but to also transmit copies of the 4473 to its own archives for national scrutiny and security.  Except in limited circumstances, it does not.

While not giving current information in the purchase of firearms is serious, the procedural gap in the collection of information by the ATF and the FBI indicates that firearm tracking of gun sales by FFLs is not so serious.

> ii. <u>to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner</u>

Defendant has been under Pretrial Services supervision for 620 days.  Aside from testing positive for marijuana early on, Defendant has performed remarkably.   During the pretrial process, Defendant engaged in vocational training and mental health counseling.  Defendant has taken his educational, vocational training, medical care and other treatment seriously.  He attends metal health counseling and treatment all while working a full-time job.  His extraordinary

dedication to self-improvement is remarkable and should be taken note of. Of course, he is remorseful and has taken full responsibility for his actions. Over the last 620 days, Defendant's conduct shows no overt reason for further protection to the public.

### c. *The Sentencing Guideline calculation (18 U.S.C. §3553(a)(4-5))*

*United States v. Hammons*, 558 F.3d 1100 (9th Cir. 2009) (district court must consider, but is not bound by, the applicable guideline sentencing range). It is true that Defendant's 14 transactions culminated in the purchase of 36 firearms. As stated above, Defendant requests that the Court consider the mitigating factors argued in support of the elements in 18 U.S.C. §3553(a)(1)&(2). Defendant immediately plead guilty to one count of a violation of 18 U.S.C. § 924(a)(1)(A), which resulted in the purchase of one (1) firearm. Hence, not only did Defendant clearly demonstrate acceptance of responsibility for the offense pursuant to USSG §3E1.1(a), but he was also timely in manifestation of his acceptance. (Id. at note 1, H.) Further, the Court should consider the fact that, while there is no system in place to check current address information in the transfer of a firearm, Defendant provided accurate information in every other section of the 4473 during each purchase.

### II. **The Need for the Sentenced Imposed**

The Court is charged with ensuring that the ultimate sentence is "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth" in 18 U.S.C. §3553(a)(2)(A-D). 18 U.S.C. §3553(a). In *United States v. Booker*, the United States Supreme Court decided that the Constitution mandated that the Sentencing Guidelines be advisory and subsequent decisions by the Supreme Court have made it clear that after calculating and considering the appropriate range under the Sentencing Guidelines, the Court is free to impose a sentence consistent with the factors set forth in §3553 but outside the structures of the Guidelines. 543 U.S. 220, 125 S.Ct. 738 (2005). *United States v. Kimbrough*, 552 U.S. 85 (2007), provides that a sentence below the Guideline range where the court concludes that the Guideline range is simply too high will be upheld where the particular circumstances of the defendant's case are weighed, and though not rising to the level of deserving a variance, are also considered in determining the sentence.

A felony conviction and a sentence of lengthy term of probation reflects the seriousness of Defendant's offense, promotes respect for the law, and provides just punishment. The Supreme Court noted in *Gall*, a sentence of probation is not an "act of leniency," but rather a "substantial restriction of freedom." *Gall*, 128 S. Ct. at 593. Under the unique facts of this case,

a sentence consistent with the base offense is sufficient to reflect the seriousness of the offense, to encourage respect for the law and to provide just punishment.  As stated by the presentence report writer, Defendant's prospects for work and income are likely to significantly decrease subsequent sentencing in the instant offense.  In other words, if incarcerated, he will not only lose his freedom, he will lose the job he's worked at so very diligently over the last 620 days.

## CONCLUSION

For all the forgoing reasons, Defendant respectfully request that the Court impose a sentence of probation.

RESPECTFULLY SUBMITTED this 24th day of July 2023.

MYLES A. SCHNEIDER & ASSOC., LTD.

/s/Myles A. Schneider
MYLES A. SCHNEIDER (AZ Bar No.:028436)
14001 N. 7th Street
Suite B104
Phoenix, AZ 85022
myles@maschneider.com
Telephone: 602-926-7373
Facsimile: 877/294-4254
**Attorney for Defendant**
**Joe Vasquez, III**

## CERTIFICATE OF SERVICE

I hereby certify that on July 24th, 2023, I electronically transmitted the attached document using the CM/ECF system for filing, and which will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

/s/ Myles A. Schneider